UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| ALFONSE ATKINSON | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-cv-272 |
| | ) | 3:99-cr-123 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Petitioner Alfonse Atkinson ("Atkinson") has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Clerk is DIRECTED to serve a copy of the motion and this Memorandum Opinion and accompanying Judgment Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED**.

Atkinson pleaded guilty to armed bank robbery and using, carrying and brandishing a firearm during a crime of violence. By judgment entered October 24, 2000, he was sentenced to consecutive terms of imprisonment of 57 months and 84 months, respectively, for a total sentence of 141 months. Atkinson now alleges his sentence should be vacated based upon ineffective assistance of counsel.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a federal prisoner to file a § 2255 motion was if the respondent had been prejudiced in responding to the motion or petition because of the delay in filing. Rule 9(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As a result of the AEDPA, however, a federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final.

In the event a petitioner does not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *See Chandler v. United States*, 22 Fed.Appx 399, 400, 2001 WL 1176597 *1 (6th Cir. 2001) (citing *Johnson v. United States*, 246 F.3d 655, 657-58 (6th Cir. 2001)); *see also United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (footnote omitted) ("because defendant did not pursue a direct appeal from the judgment of conviction, he cannot rely on the 90-day period for seeking certiorari review of a judgment of the court of appeals to extend the date on which his conviction became final").

In Atkinson's case, the statute of limitation began to run on November 7, 2000, which was ten days after judgment was entered. *See* FED. R. CRIM. P. 45. Atkinson filed his § 2255 motion on June 1, 2005, well after the expiration of the one-year statute of limitation, and thus the § 2255 motion was not timely filed.

It plainly appears from the face of the motion and the prior proceedings in the case that Atkinson is not entitled to relief in this court and this action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** and this action **DISMISSED**.

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Atkinson leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE. Atkinson having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                  s/ Leon Jordan
                                     United States District Judge